Hillsborough,  }
Feb. 5, 1918.  }

### CHARLES W. LAPHAM v. ELEANOR C. COLLINS.

A verdict for work done upon the defendant's house by the plaintiff was sustained upon evidence that the defendant ordered him to do the work, though the plaintiff understood he was to be paid therefor by the defendant's husband.

ASSUMPSIT, for work done and materials furnished. Judgment for the plaintiff on the report of an auditor. The auditor found that the defendant's husband asked the plaintiff to make a price for painting a house, telling him that it belonged to his wife, that the work was nothing to him and that any agreement she made would be satisfactory to him. The plaintiff told him he would like to do the work but that it was too large a job for him to figure. The plaintiff saw the defendant the next day and told her the same thing and she told him to do the work. He understood, however, that he was to be paid by her husband. Transferred by *Allen*, J., from the May term, 1917, of the superior court, on the defendant's exception to the denial of her motion for judgment on the report.

*Wason & Moran* and *Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Doyle & Lucier* and *Bernard W. Carey* (*Mr. Lucier* orally), for the defendant.

YOUNG, J. The only question of law raised by the defendant's exception is whether the general finding for the plaintiff is inconsistent with the special findings. It does not necessarily follow from the finding that the plaintiff understood he was to be paid by the defendant's husband that he cannot maintain this action. If the minds of the parties did not meet on this point, that is, if the plaintiff understood he was to be paid for the work by the defendant's husband while she understood he was to be paid by her, he can recover and that is the effect of the general finding. In other words, the finding that the plaintiff understood he was to be paid by the defendant's husband is not inconsistent with a finding that the work was done for her and that her husband was merely acting as her agent in what he did in the matter.

                                                    *Exception overruled.*

All concurred.